UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| MARGARET KOON,<br>   *Plaintiff*,<br><br> v.<br><br>INOVA LOUDOUN AMBULATORY SURGERY CENTER, LLC, and VIRGINIA EYE CENTER, PC,<br>   *Defendants*. | No. 1:24-CV-1210-MSN-LRV |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant Virginia Eye Center PC's ("VEC") Motion to Dismiss Plaintiff's Complaint. *See* ECF 15. Upon consideration of the pleadings and for the reasons set forth below, the Court will GRANT the motion and dismiss Plaintiff's claims against VEC.

**I. BACKGROUND[1]**

Plaintiff Margaret Koon is a DeafBlind individual who alleges she was denied her requested accommodation of an in-person interpreter for her scheduled eye surgery at Inova Loudon Ambulatory Surgery Center, LLC ("Inova"). As a DeafBlind individual, Ms. Koon retains limited vision and can therefore communicate in American Sign Language ("ASL"), if an in-person ASL interpreter remains in close proximity to her, or via Tactile American Sign Language ("TASL"), a touch-based language relying on physical contact. *See* ECF 1 ("Compl.") at ¶¶ 9-13, 17. Ms. Koon cannot communicate expressively and effectively using a video remote interpreter

---

[1] The Court assumes the truth of Plaintiff's factual allegations and draws all reasonable factual inferences in Plaintiff's favor for purposes of this motion. *Burbach Broad. Co. of Del. v. Elkins Radio Corp.*, 278 F.3d 401, 406 (4th Cir. 2002).

("VRI") given her minimal vision. *Id.* at ¶ 22. Ms. Koon's daughter, Sophia Liz Brown, is a hearing individual proficient in both ASL and English, and thus can assist Ms. Koon in making doctor's appointments. *Id.* at ¶¶ 20-23. However, Ms. Koon does not want her daughter to interpret her medical appointments because she is not a qualified licensed interpreter or a neutral interpreter. *Id.* at ¶¶ 20-21.

      A.      **Ms. Koon's Diagnosis and Surgery**

In March 2023, Ms. Koon scheduled an appointment with Dr. Mohab Kahn at VEC after having been diagnosed with Usher's Syndrome with Retinitis Pigmentosa, a condition that required eye surgery to avoid Ms. Koon's vision being further imperiled. *Id.* at ¶¶ 25-26. Ms. Koon and Ms. Brown, who was authorized to communicate with the medical staff on Ms. Koon's behalf, had requested an in-person interpreter prior to the appointment; however, on the day of the appointment no interpreter was present. *Id.* at ¶¶ 20-30. VEC instead offered VRI services, which Ms. Koon declined, instead relying on Ms. Brown to interpret. *Id.* at ¶ 31.

During Ms. Koon's next appointment with Dr. Kahn in April 2023, a qualified-in person interpreter was present. *Id.* at ¶¶ 32-33. Ms. Koon and Ms. Brown then spoke with Rachelle Goltra from VEC, who informed them that Ms. Koon's surgery was scheduled for June 19, 2023 at Inova,[2] purportedly the only center where Dr. Kahn has surgical privileges. *Id.* at ¶¶ 32-34, 47. This surgery date was later moved to July 17, 2023 because of a scheduling conflict, and before that date Ms. Koon and Ms. Brown "reminded" Ms. Goltra on several occasions that an in-person interpreter would be required for this surgery. *Id.* at ¶¶ 35-37. Ms. Goltra initially told Ms. Koon and Ms. Brown that she would "absolutely make sure of it," but in June 2023 when Ms. Brown emailed Ms. Goltra to schedule an in-person or tactile interpreter for the appointment, Ms. Goltra

---

[2] Inova Loudon Ambulatory Surgery Center is a part of Inova Health Systems, which operates multiple hospitals throughout northern Virginia. Compl. at ¶ 52.

responded that VEC would not be providing an interpreter because Inova does not allow interpreters in the operating room. *Id.* at ¶¶ 36-41. Ms. Goltra also reported that VEC had previously provided surgery to deaf patients without an interpreter present. *Id.* at ¶ 42. Despite Ms. Brown's contention that Ms. Koon had undergone surgery at Inova facilities and other facilities with an interpreter present on past occasions, Ms. Goltra told her that they must contact Inova directly, which Ms. Koon and Ms. Brown had already unsuccessfully attempted. *Id.* at ¶¶ 44-46. When Ms. Koon arrived for her surgery at Inova on July 17, 2023, no interpreter was present, and Ms. Koon could not proceed with the surgery. *Id.* at ¶¶ 59, 61. Ms. Brown contacted VEC to reschedule the surgery, but Dr. Kahn told her that neither Inova nor Reston Hospital Center (owned and operated by HCA Virginia) would provide an interpreter for the surgery. *Id.* at ¶¶ 65-71. After Ms. Brown sent Ms. Goltra information about federal disability requirements, Dr. Kahn dismissed Ms. Koon as a patient on July 26, 2023. *Id.* at ¶¶ 71-72. Ms. Koon eventually found a new doctor and was scheduled for a surgery at Reston Hospital Center, which agreed to provide an in-person interpreter. *Id.* at ¶¶ 75-76.

      **B.**      **Ms. Koon's Claims**

Ms. Koon claims she has had several prior interactions with medical care from Inova facilities, and her July 17, 2023 surgery was not the first time she could not receive care due to her DeafBlind status. *Id.* at ¶¶ 54-55. Ms. Koon notes that "Inova Health Systems' health facilities have a long history of issues with providing interpreters, which have resulted in prior litigation and a settlement with the United States Department of Justice." *Id.* at ¶ 56. Ms. Koon asserts that Defendants discriminated against her by "den[ying] her full and equal enjoyment of their programs and services." *Id.* at ¶ 78. As such, she brings claims against Defendants for (I) Violations of the

3

Patient Protection and Affordable Care Act; and (II) Violations of the Virginians with Disabilities Act.

## II. LEGAL STANDARD

VEC seeks dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim under both the Affordable Care Act (ACA) and the Virginians with Disabilities Act (VDA). VEC also moves to dismiss Plaintiff's request for injunctive relief for lack of standing.

### A. 12(b)(6)

This Court may dismiss a claim when the complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When considering a motion under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences in favor of the plaintiff." *E.l. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted). But this Court need not credit conclusory allegations. *See Ashcroft v. Iqbal,* 556 U.S. 662, 675 (2009).

### B. Standing to Seek Injunctive Relief

Courts may deny a request for injunctive relief when there is no threat of continued or future harm. To have standing to seek injunctive relief, a plaintiff must show a substantial likelihood of future harm. *City of Los Angeles v. Lyons*, 461 U.S. 95, 111, 103 (1983). "[T]his threat of injury must be both real and immediate, not conjectural or hypothetical." *Beck v. McDonald*, 848 F.3d 262, 277 (4th Cir. 2017) (internal quotations omitted).

4

### III. ANALYSIS

Plaintiff fails to state a plausible claim for relief under either the Affordable Care (ACA) or the Virginians with Disabilities Act (VDA). Accordingly, this Court will dismiss Plaintiff's claims.

### A. Claims under the ACA

The Court finds Plaintiff's allegations insufficient to support her claim that VEC, rather than Inova, discriminated against her. Section 1557 of the ACA prohibits discrimination on the basis of disability, among other factors, in any health program or activity receiving Federal financial assistance. 42 U.S.C. § 18116(a). But "[r]emedies may be imposed only on responsible parties." *Bacon v. City of Richmond*, 475 F.3d 633, 639 (4th Cir. 2007) (emphasis added). That is, Plaintiff must plausibly allege that VEC was the entity that discriminated against her. In *Bacon*, a city was found to not be liable for school buildings' noncompliance with Title II of the ADA because it did not exercise control over the day-to-day operations of the buildings, services, or programs. 475 F.3d at 640-45. So too here.[3] Plaintiff fails to allege facts sufficient to show that VEC had any control over the decision to ban interpreters from Inova's facilities.

Plaintiff points to VEC's assurance that an interpreter would be provided and then subsequent refusal to request or provide an interpreter at Inova. *See* ECF 23 ("MTD Opp.") at 3. But Plaintiff's allegations about VEC's communications are insufficient to state a claim because she fails to allege any facts about *how* or *if* VEC had any ability to exert any control over Inova. Nor do Plaintiff's allegations about Dr. Kahn's privileges at Inova push her claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Plaintiff did not allege that Dr. Kahn

---

[3] Although *Bacon* is an ADA case, the same analysis applies to claims under the ACA. *See, e.g., Chaitram v. Penn Med.-Princeton Med. Ctr*, 2022 WL 2987885, at *4, n.3 (D.N.J. July 28, 2022) ("Because the ACA is applied consistently with the RA, and the RA is applied consistently with the ADA [], the Court will analyze the [three] statutes together.").

5

was scheduled to perform the surgery or that Dr. Kahn had any other way to exert control over Inova's decision-making process. Plaintiff relies on *Shipman* to argue that VEC "cannot avoid liability by contracting away its responsibilities under federal and state antidiscrimination laws." MTD Opp. at 4; *K.C. ex rel. Afr. H. v. Shipman*, 716 F.3d 107, 118 (4th Cir. 2013). But *Shipman* involved a managed care organization that had contracted with a state agency to operate a Medicaid program on the state's behalf. 716 F.3d at 118. Plaintiff fails to allege that the relationship between VEC and Inova is analogous to the MCO-state agency relationship. Lastly, Plaintiff points to the dangers in allowing VEC to avoid liability, given the "known issues" of interpreter access at VEC and "Inova Health Systems' health facilities … long history of issues with providing interpreters." MTD Opp. at 4 (citing Compl. at ¶ 56). Yet Plaintiff does not allege that VEC is part of Inova's "health facilities," nor whether any change in Inova's policies would directly impact VEC.

Because Plaintiff fails to allege facts sufficient to show that VEC had any control over Inova's policies and decision not to provide an in-person interpreter, Plaintiff's claims against VEC for violation of the ACA must be dismissed.[4]

---

[4] Because Plaintiff has failed to state a claim against VEC under the ACA, the question of damages is moot. In any event, Plaintiff would be unable to obtain compensatory damages because she fails to allege facts sufficient to show that VEC acted with deliberate indifference. *See Basta v. Novant Health, Inc.*, 56 F.4th 307 (4th Cir. 2022) (To obtain compensatory damages under the ACA Plaintiff must show that Defendant acted with "deliberate indifference" to Plaintiff's federal right.). The standard is the same as under ADA claims. *Smith v. Walgreens Boots All., Inc.*, 2024 WL 20063, at *2 (9th Cir. Jan. 2, 2024) (applying the same deliberate indifference analysis for purported violations of the ADA, Rehabilitation Act, and ACA).

Additionally, any claim for emotional damages would be barred under *Cummings* and this Court's application of *Cummings* to other emotional distress-type injuries. *See Cummings v. Premier Rehab Keller, PLLC*, 596 U.S. 212, 230 (2022) ("[E]motional distress damages are not recoverable under the Spending Clause antidiscrimination statutes."); *B.R. v. F.C.S.B.*, 2024 WL 1254826, at *5 (E.D. Va. Feb 26, 2024). And any claim for expectation interest damages would be too speculative. *See Allfirst Bank v. Progress Rail Services Corp.*, 521 Fed. Appx. 122, 129 (4th Cir. 2013) ("Losses that are speculative, hypothetical, remote, or contingent either in eventuality or amount will not qualify as 'reasonably certain' and therefore recoverable as contract damages." (internal citations omitted)).

### B. Claims under the Virginians with Disabilities Act

The Court finds Plaintiff's allegations are also insufficient to support her claim against VEC under the Virginia with Disabilities Act (VDA).[5]

The VDA provides that "[a] person with a disability is entitled to full and equal accommodations … [of] places of public accommodation." Va. Code § 51.5-44. The parties disagree about whether the VDA only prohibits "*actual tangible* barriers," or extends to "*intangible* barriers like lack of access to interpreters." ECF 16 ("MTD") at 11 (emphasis in original). The Court need not decide this issue because no matter the type of barriers the VDA prohibits, Plaintiff fails to allege that VEC, rather than Inova, is the "place of public accommodation" responsible for removing such barriers in this matter (whether they are physical or intangible).

Plaintiff contends that VEC cannot "disclaim[] any obligation to provide an interpreter on the grounds that they required Ms. Koon to go to a different location to receive surgery from a Virginia Eye Center location." MTD Opp. at 12; *see Winborne v. Virginia Lottery*, 677 S.E.2d 304, 307-08 (Va. 2009) (finding that the Virginia Lottery could not escape liability by outsourcing ticket sales to third party licensed retailers, not operated by the Lottery). But Plaintiff fails to allege that VEC outsources its services like the Virginia Lottery. Rather, Plaintiff's allegations merely establish that VEC referred Plaintiff to have a surgery with a third-party: Inova. That fact is insufficient to establish a claim against VEC under the VDA. Plaintiff's suggestion that VEC denied services to Ms. Koon "at both Inova . . . and their offices" (MTD Opp. at 11) cannot salvage

---

[5] The Court finds that Plaintiff satisfied the 180-day notice requirement under the VDA. Va. Code § 51.5-46. Plaintiff sent a notice of claim letter to VEC on September 15, 2023, within the 180 day-period following the care at issue date of July 2023, giving VEC "full opportunity to resolve this matter without litigation." MTD Opp. at 7. But because Plaintiff has failed to state a claim under the VDA against VEC, this notice determination has no practical effect on Plaintiff's claims.

her claim where, again, she has failed to plausibly allege that VEC *provides* any services at Inova. Taking Plaintiff's well-pled allegations as true, she has perhaps stated a claim that *Inova* (not VEC) failed to provide some accommodation, but that is not at issue in the present motion. Accordingly, this Court grants VEC's motion to dismiss for failure to state a claim under the VDA.

## C.  Standing to Seek Injunctive Relief

This Court finds that Plaintiff does not have standing to seek injunctive relief. Whether an injunction should be rewarded depends on "whether there is a real and immediate threat of repeated injury." *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983) (citation omitted). Plaintiff argues that Ms. Koon has adequately pled the threat of continued and future harm given her desire to use VEC's services in the future and the fact that VEC still stores and maintains her medical records. MTD Opp. at 13 (citing Compl. at ¶¶ 84-85). Plaintiff relies on *Nanni v. Aberdeen Marketplace, Inc.*, where an allegation of past injuries coupled with an intent to visit a property again for future health needs was deemed sufficient to plead likelihood of future injury. 878 F.3d 447, 455-56 (4th Cir. 2017). Plaintiff further asserts that the VDA provides injunctive relief in these circumstances where a plaintiff has proven violation of the statute. MTD Opp. at 14; Va. Code § 51.5-46(A) ("Any circuit court having jurisdiction and venue pursuant to Title 8.01, on the petition of any person with a disability, shall have the right to enjoin the abridgement of rights set forth in this chapter and to order such affirmative equitable relief as is appropriate and to award compensatory damages.").

But there is no "immediate threat of repeated injury" under *Lyons* because Plaintiff has not alleged that she is still under VEC's care. Indeed, Plaintiff admits she has chosen a different provider for her future medical care. *Brandt v. Monte*, 626 F. Supp. 2d 469, 493 (D.N.J. 2009) (finding that a plaintiff who is no longer a patient "lacks standing to seek injunctive relief.").

Plaintiff also lacks standing to enjoin VEC from discriminating against others under *Lyons*. *See Thorne v. Hale*, 2009 WL 890136, at *10 (E.D. Va. Mar. 26, 2009) ("[C]ourts usually do not allow litigants to assert claims for injuries suffered by others.").

Furthermore, Plaintiff's reliance on *Nanni* is misplaced. Even if she wishes to visit VEC again (where she is no longer a patient), it is not VEC's denial of an in-person interpreter she is alleging, but Inova's refusal to provide such an interpreter at her surgery. Although Plaintiff might have been entitled to injunctive relief under the VDA if she could show violation of the statute, she has not done so here with respect to VEC. As such, her claim for injunctive relief against VEC must be dismissed.

## IV.   CONCLUSION

For the foregoing reasons it is hereby

**ORDERED** that Defendant VEC's Motion to Dismiss Plaintiff's Complaint (ECF 15) is **GRANTED**; and it is further

**ORDERED** that all claims against Defendant VEC in Plaintiff's Complaint are **DISMISSED WITHOUT PREJUDICE**.

It is **SO ORDERED.**

/s/
Michael S. Nachmanoff
United States District Judge

October 25, 2024
Alexandria, Virginia

9